IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHARON BUSH ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-017 |
| | ) | |
| THE GEORGIA MILITARY COLLEGE | ) | |
| FOUNDATION, INC., a/k/a GEORGIA | ) | |
| MILITARY COLLEGE; GEORGE BRIAN | ) | |
| HENDRICKS, Academic Dean; and LEI | ) | |
| BOWMAN, Assistant Dean of Students, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) Because the request did not contain all of the information necessary for the Court to determine whether Plaintiff should be required to pay the filing fee, the Court denied without prejudice Plaintiff's request and directed her to submit a new motion to proceed IFP with the appropriate information within fourteen days of its Order. (Doc. no. 5.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's February 7th Order, nor has she provided the Court with any explanation why she has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape

Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Furthermore, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Here, Plaintiff's failure to submit a new IFP motion amounts not only to a failure to prosecute, but also an abandonment of her case. This is precisely the type of neglect contemplated by the Local Rules. Consequently, a dismissal without prejudice is appropriate.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED AND RECOMMENDED this 1st day of March, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA